UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KORLENE RAE COOK,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

DECISION AND ORDER

17-CV-6725L

  Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

  On September 30, 2013, plaintiff, then forty-eight years old, filed applications for a period of disability and disability insurance benefits, and for Supplemental Security Income benefits, under Title II of the Social Security Act, alleging an inability to work since December 31, 2012. (Administrative Transcript, Dkt. #8 at 21). Her applications were initially denied. Plaintiff requested a hearing, which was held via videoconference on February 23, 2016 before Administrative Law Judge ("ALJ") David J. Begley. The ALJ issued a decision on May 4, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 21-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 22, 2017. (Dkt. #8 at 1-4). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) requesting remand for the calculation and payment of benefits. (Dkt. #10). The Commissioner has cross moved (Dkt. #15) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c), affirming the Commissioner's decision. For the reasons set forth below, the plaintiff's motion is granted in part, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records relative to cervical and lumbar degenerative disc disease, which the ALJ concluded constituted a severe impairment not meeting or equaling a listed impairment.

Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, except that plaintiff cannot climb ladders, ropes, or scaffolds; can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; can only occasionally reach overhead with her left arm; must avoid concentrated exposure to extreme cold, wetness, and humidity; and must avoid hazardous machinery, unprotected heights and open flames. (Dkt. #8 at 24).

Given this RFC, vocational expert Bassey A. Duke testified that plaintiff could not return to her past relevant work as a certified nursing assistant, but would be able to perform the representative positions of ticket taker, prize merchandise maker, and office helper. (Dkt. #8 at 28).

I.  **The ALJ's Identification of Severe Impairments**

Plaintiff argues that the ALJ erred when he failed to identify plaintiff's fibromyalgia as a severe impairment, or to otherwise consider its effects on plaintiff's RFC.

Although the record contains only scant references to fibromyalgia, it is clear that plaintiff's treating internist, Dr. Kira Kiriakidi, diagnosed her with it on or about August 12, 2015. (Dkt. #8 at 385-90). Plaintiff testified at her hearing to widespread, sometimes debilitating nerve pain, and indicated that she had been prescribed medication to treat her fibromyalgia. (Dkt. #44-45, 54).

The ALJ's opinion focuses solely upon plaintiff's cervical and lumbar spinal degenerative disc disease, and the limitations reasonably attributable to it. Given the lack of any reference to plaintiff's diagnosis of, and treatment for, fibromyalgia, it appears that the ALJ may have inadvertently overlooked it. Such an error would not be harmless, as the fibromyalgia diagnosis and associated symptoms had the potential to affect the ALJ's assessment of plaintiff's credibility when she complained of severe and widespread nerve pain beyond what would be expected solely from a spinal impairment, as well as his determination of plaintiff's RFC. *See generally Szefler v. Berryhill*, 2018 U.S. Dist. LEXIS 217390 at *15-*18 (W.D.N.Y. 2018) (remand is appropriate where ALJ failed to address claimant's fibromyalgia diagnosis as part of his RFC determination). Remand is necessary in order to ensure proper consideration of whether plaintiff's fibromyalgia is a severe impairment, and to assess its impact on her RFC.

## II. The ALJ's Evaluation of Medical Opinion Evidence

The ALJ assigned no more than "some" or "little" weight to any of the medical source opinions of record, including the opinions of all of plaintiff's treating sources. The ALJ gave "little weight" to the opinions of plaintiff's treating internist, Dr. Nashat Atalla, who opined that plaintiff should "avoid lifting, standing, frequent bending, and walking long distances," and could stand or walk, lift and/or carry for up to 1-2 hours at a time. (Dkt. #8 at 268-70). The ALJ likewise gave "little" weight to the opinions of treating internist Dr. Kiriakidi, whose most detailed statement found that plaintiff could occasionally lift and carry up to 10 pounds and rarely lift and carry 20 pounds, could walk, stand, push, pull, bend, lift or carry for no more than 2 hours, would be off task for more than 30% of the time, would have good and bad days, would require frequent breaks, and would be unable to attend work for more than 4 days per month. (Dkt. #8 at 27, 412-15, 425-26). The ALJ gave "little" weight to the opinion of treating physician's assistant Joseph Chapman, who found that plaintiff could stand, walk and sit for 2-4 hours, and push, pull, bend, lift or carry for 1-2 hours. (Dkt. #8 at 26). The ALJ explained that his decision to assign limited weight to each of these opinions was based on plaintiff's "conservative" treatment history for her pain, which included epidural injections, physical therapy and medication. *Id*.

First, the ALJ does not appear to have applied the treating physician rule to the opinions of Dr. Atalla and Dr. Kiriakidi. It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). *See* 20 C.F.R. § 404.1527(d)(2). In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the

4

treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. § 404.1527(d). Further, the ALJ must articulate "good reasons" for assigning the weight that he does accord to a treating physician's opinion. *Shaw*, 221 F.3d 126 at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a basis for remand). Here, the ALJ's discussion made no mention of the relevant factors whatsoever.[1]

Nor did the ALJ provide "good reasons" for not crediting the opinions of plaintiff's physicians: the "conservative" treatment history cited by the ALJ was an improper and insufficient basis to set aside the treating physician rule. The "Second Circuit has instructed that [an] ALJ cannot use the plaintiff's prescribed conservative treatment as the 'substantial evidence' to limit the weight afforded to the opinion of a treating physician." *Clark v. Colvin*, 2016 U.S. Dist. LEXIS 43781 at *39-*40 (E.D.N.Y. 2016) (quoting *Foxman v. Barnhart*, 157 Fed. Appx. 344, 347 (2d Cir. 2005)). *See also Burgess v. Astrue*, 537 F.2d 117, 129 (2d Cir. 2008) ("the opinion of a treating physician [is not] to be discounted merely because he has recommended a conservative treatment regimen").[2] Remand is therefore necessary to ensure proper evaluation of the opinions of plaintiff's treating physicians.

---

[1] While not relevant here, the Court notes that the regulations governing the treating physician rule have been revised for claims filed on or after March 27, 2017. See 20 C.F.R. §§404.1527, 404.1520c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 (Jan. 18, 2017).

[2] In fact, the ALJ's characterization of plaintiff's treatment history as "conservative" is not well supported by the record. As the ALJ noted, plaintiff's pain was treated with a combination of multiple different medications (some of plaintiff's treatment records list as many as a dozen prescriptions at once), epidural steroid injections, and physical therapy. According to plaintiff's treatment records, surgery for her spinal degeneration was contraindicated by her young age, and not by any lack of severity. To the contrary, MRI scans of plaintiff's spine showed diffuse disc protrusion and mild-to-moderate neural foraminal narrowing at the L5-S1 level, as well as degenerative disc disease predominating in the mid-to-distal lumbosacral spine. (Dkt. #8 at 305-06, 313-14, 385). Notwithstanding her regular treatment, plaintiff continued to complain of musculoskeletal pain and worsening back pain. (Dkt. #8 at 285, 302, 307).

Even assuming *arguendo* that the ALJ had a proper basis to discredit the opinions of plaintiff's treating sources, his determination is nonetheless not supported by substantial evidence. The ALJ ultimately rejected every opinion by every medical source that purported to assess, in objective terms, plaintiff's ability to sit, stand, walk, lift, carry, push, pull, or perform postural activities. As such, the ALJ's RFC finding (which included abilities far in excess of those indicated by any plaintiff's treating sources, such as the ability to lift up to 20 pounds at a time, frequently lift or carry objects up to 10 pounds, and stand and walk for up to 6 hours in an 8-hour workday) was based solely on his own interpretation of the raw medical data. It is well settled that an ALJ's lay interpretation of medical records is insufficient to comprise substantial evidence. *See generally Tomkins v. Commissioner*, 2019 U.S. Dist. LEXIS 18484 at *10-*11 (W.D.N.Y. 2019) (remand is appropriate where the ALJ did not rely upon any medical opinions and instead "effectively rendered his own opinion from the medical data before him"); *Goble v. Colvin*, 2016 U.S. Dist. LEXIS 7467 at *20-*21 (W.D.N.Y. 2016) (collecting cases and emphasizing that "the ALJ is not free to form his own medical opinion based on the raw medical evidence").

In sum, because I find that the ALJ's RFC determination was not supported by substantial evidence, and because this is not a case where the record contains such persuasive proof of disability that remand would serve no purpose, remand for further proceedings is necessary.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings remanding this matter (Dkt. #10) is granted in part, the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to consider the evidence of record concerning plaintiff's diagnosis of,

6

and treatment for, fibromyalgia. The ALJ is further directed to reconsider the opinions of the treating and examining sources of record, to make a detailed application of the treating physician rule, and if appropriate, to order additional consultative testing and/or to obtain additional medical records, in order to obtain a sufficiently complete record upon which a well-reasoned determination of plaintiff's exertional and postural limitations may be made.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 13, 2019.